### OTENIO LONGORIO ET. AL. v. THE STATE.

Motion No. 307.   Decided December 21, 1898.

**Certiorari to Perfect Record—Practice.**

The office of a certiorari is to perfect the record, and when a cause has been finally disposed of by dismissal on appeal, and no subsequent motion for rehearing been made, a mandate was issued, and there is no request to recall the mandate, a motion for a certiorari to perfect a record which has no longer any standing in court can not be entertained.

MOTION for certiorari in Court of Criminal Appeals.
No statement necessary.

*S. D. Foote,* for appellant.

*Mann Trice,* Assistant Attorney-General, for the State.

DAVIDSON, JUDGE.—This is a motion for a writ of certiorari. At the Dallas term, 1898, the appeal herein was dismissed because of the want of a final judgment. 44 S. W. Rep., 1089. On April 6, 1898, and subsequent to the adjournment of said Dallas term, mandate was issued. On May 2d application for certiorari was filed at Austin. A motion for rehearing has not been filed, nor a request to recall mandate, and the case stands in the attitude of asking a certiorari to perfect a record that has no standing in this court. The proceeding had been dismissed and the mandate issued in accordance with the judgment of dismissal. If appellants desired a reconsideration of their case, the proper steps, in proper time, should have been taken to have the same reviewed. The office of a certiorari is to perfect a record. It does not serve the purpose of a motion for rehearing and recall of mandate in order to reinstate the case. As presented the motion for certiorari can not be entertained. It is therefore dismissed.

*Dismissed.*